UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CASE NO.: 1:18-cv-950

JOHN PIERCE,

    Plaintiff,

-vs-

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff, John Pierce (hereinafter "Plaintiff"), alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA") and the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-52 (hereinafter "NCDCA") against Defendant, Wells Fargo Bank, N.A. (hereinafter "Defendant").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

4. Plaintiff is a natural person and citizen of the State of Florida, residing in Rowan County, North Carolina.

1

5. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number (704) ***- 9278.

6. Plaintiff was the recipient of Defendant's telephone calls and was the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012).

7. Defendant is a national association with its principle place of business located in California and who does business in the State of North Carolina.

## FACTUAL ALLEGATIONS

8. Defendant called Plaintiff's cellular telephone in an attempt to collect a debt arising from transactions primarily incurred for personal, family or household purposes.

9. Specifically, Defendant called Plaintiff's cellular telephone in an attempt to collect monies concerning a consumer credit account.

10. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone with such frequency as can reasonably be expected to opress, harass, or abuse Plaintiff in an effort to collect a consumer debt.

11. At a time better known to Defendant, Plaintiff began receiving approximately two (2) to six (6) calls per day to his cellular telephone from Defendant in an effort to collect a consumer debt.

12. Upon answering many of these calls, Plaintiff was greeted either by an automated machine operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect to a live telephone employee.

13. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).*

14. On at least one occasion during the relevant time period, Plaintiff asked a representative of Defendant's to cease calling his cellular telephone.

15. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a consumer debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

16. As a result of the aforementioned calls, Plaintiff suffered an invasion of his privacy and was affected in a personal and individualized way by stress, anxiety, embarrassment, and aggravation due to Defendant's calls.

17. Defendant's calls resulted in expenditure of Plaintiff's time, as Plaintiff had to spend unnecessary time dealing with the unwanted telephone calls.

18. Defendant's calls caused the exhaustion of Plaintiff's cellular telephone battery and the unavailability of Plaintiff's cellular telephone while being called by Defendant.

19. Defendant's telephone calls to Plaintiff's cellular telephone resulted in trespass upon Plaintiff's chattel.

20. None of Defendant's telephone calls placed to Plaintiff's cellular telephone were made for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(a).

21. By continuing to call Plaintiff's cellular telephone after Plaintiff asked for the calls to stop, Defendant willfully or knowingly violated the TCPA and the NCDCA.

## COUNT I
### (Violations of the Telephone Consumer Protection Act)

22. Plaintiff hereby incorporates Paragraphs one (1) through eighteen (18) as if fully set forth herein.

23. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

24. Defendant violated the TCPA with respect to telephone calls made to Plaintiff's cellular telephone with an automatic dialing system without consent.

25. Defendant knowingly or willfully violated the TCPA after calling Plaintiff's cellular telephone with an automatic telephone dialing system after Plaintiff requested that the calls cease.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. $500.00 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. A declaration that Defendant's calls violate the TCPA;

   d. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic

telephone dialing system or pre-recorded or artificial voice;

e. Litigation expenses and cost of the instant lawsuit; and

f. Such further relief as this Court may deem appropriate.

## COUNT II
### (Violation of the North Carolina Debt Collection Act)

26. Plaintiff hereby incorporates Paragraphs one (1) through eighteen (18) as if fully set forth herein.

27. At all times relevant to this action, Plaintiff was and is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

28. At all times relevant to this action, Defendant was and is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

29. At all times relevant to this action, Defendant is subject to and must abide by the laws of North Carolina, including N.C. Gen. Stat. §§ 75-50 to -56.

30. Defendant engaged in an act or omission prohibited under N.C. Gen. Stat. § 75-52, by the use of conduct, the natural consequence of which was to opress, harass, or abuse Plaintiff in connection with the attmept to collect a debt.

31. Defendant caused Plaintiff's cellular telephone to ring with such frequency as to be unreasonable or constitute harassment to Plaintiff in violation of N.C. Gen. Stat. § 75-52(3).

32. As a result of Defendant's actions, Plaintiff suffered damages, including but not limited to, time wasted addressing the numerous unwanted calls.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

5

a. Statutory damages;

b. Actual damages;

c. Punitive damages;

d. Attorney's fees, litigation expenses and costs; and

e. Such further relief as the Court deems proper.

/s/ *W. Stacy Miller*
W. Stacy Miller II, Esq.
MILLER LAW GROUP, PLLC
555 Fayetteville St., Suite 201
Raliegh, NC 27602
Stacy@MillerLawGroupNC.com
Office: 919-348-4361
Fax: 919-729-2953

*Attorney for Plaintiff*